IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Plaintiff,

v.                              Civil No. 5:11CV100
                                 (Judge Keeley)


DAVID WOHLFEIL and
METROPOLITAN CITI GRILL, LLC,

        Defendants.

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 11]

On November 3, 2011, the plaintiff, State Auto Property and Casualty Insurance Co. ("State Auto"), filed a Motion for Summary Judgment seeking a declaration that it has no duty to defend or indemnify the defendants, David Wohlfeil ("Wohlfeil") and Metropolitan Citi Grill, LLC ("Metropolitan"), in a state court action filed by Fawna Brown ("Brown"). For the reasons discussed below, the Court **GRANTS** State Auto's motion (dkt. no. 11) and **DECLARES** that State Auto has no duty to defend or indemnify its insureds in the case of <u>Fawna Brown v. David M. Wohlfeil and Metropolitan Citi Grill, LLC</u>, Civil Action No. 09-C-404.

I.

On November 20, 2009, Brown sued Wohlfeil and Metropolitan in the Circuit Court of Ohio County, West Virginia, claiming Wohlfeil had (1) physically assaulted her, (2) wrongfully discharged her in

STATE AUTO v. WOHLFEIL                                    5:11CV100

<u>MEMORANDUM OPINION AND ORDER</u>

violation of W. Va. Code § 5-11-9(a), and (3) intentionally or recklessly caused her to suffer emotional distress. Brown alleges that, on November 22, 2007, during her employment at Metropolitan, "Wohlfeil assaulted her," "repeatedly slammed her to the ground and dragged her across the interior premises of the restaurant, throwing her out of the front door," and subsequently terminated her employment. (Dkt. No. 1-2 at ¶¶ 8, 10). Brown further alleges that both the assault and wrongful termination were a "direct result" of her being four months pregnant while working as a server at Metropolitan. (<u>Id.</u> at ¶ 10). Brown claims that she suffered emotional distress as a result of this behavior and seeks compensatory and punitive damages. (<u>Id.</u> at ¶ 13, 15).

At all relevant times, Wohlfeil and Metropolitan were named insureds under a Commercial General Liability Policy No. SPP2280742 (the "CGL Policy") provided by State Auto. On July 22, 2011, State Auto filed this declaratory judgment action, in which it maintains that Brown's underlying lawsuit does not assert claims against the defendants that are covered under the CGL Policy. Pursuant to Fed. R. Civ. P. 56 and 57 and 28 U.S.C. §§ 2201, 2202, <u>et</u> <u>seq.</u>, State Auto filed a motion for summary judgment, in which it seeks a declaration that it has no duty to defend or indemnify Wohlfeil or Metropolitan in the underlying lawsuit.

STATE AUTO v. WOHLFEIL                                    5:11CV100

<u>MEMORANDUM OPINION AND ORDER</u>

## II.

### A.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. <u>Anderson</u>, 477 U.S. at 248.

### B.

The Declaratory Judgment Act authorizes district courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. In the Fourth Circuit, "a declaratory judgment action is appropriate 'when the

STATE AUTO v. WOHLFEIL                                    5:11CV100

MEMORANDUM OPINION AND ORDER

judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (citing Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937) (internal citation omitted)). Here, because the entry of a declaratory judgment will resolve whether State Auto has a duty to defend or indemnify its insureds in the underlying lawsuit, the Court's exercise of jurisdiction over this matter is proper.

Pursuant to Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), the applicable law in a diversity case such as this is determined by the substantive law of the state in which a district court sits. This includes the forum state's prevailing choice of law rules. See Klaxon Co. v. Stentor Electic Mfg. Co., 313 U.S. 487, 496-97 (1941). Here, the parties agree that the substantive law of West Virginia governs the interpretation and application of the CGL Policy.

## C.

To determine whether State Auto owes a duty to defend or indemnify its insureds, the Court must compare the pertinent provisions of the CGL Policy with the allegations in the underlying

4

MEMORANDUM OPINION AND ORDER

complaint. See Aetna Casualty & Surety Co. v. Pitrolo, 342 S.E.2d 156, 160 (W. Va. 1986). State Auto attached the CGL Policy as an exhibit to its Complaint (dkt. no. 1-1), and the parties do not dispute its authenticity.

Under West Virginia law, the "'[d]etermination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law.'" Syl. Pt. 2, Tackett v. Am. Motorists Ins. Co., 584 S.E.2d 158, 159 (W. Va. 2003) (quoting Syl. Pt. 1, Tennant v. Smallwood, 568 S.E.2d 10 (W. Va. 2002)). The interpretation of an insurance contract presents legal questions for resolution by the trial court. Id. (Syl. Pt. 3 (quoting Syl. Pt. 2, Riffe v. Home Finders Associates, Inc., 517 S.E.2d 313 (W. Va. 1999)).

"'Where the provisions in an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended.'" Glenn Falls Ins. Co. v. Smith, 617 S.E.2d 760, 767-68 (W. Va. 2005) (quoting Syl. Pt. 3, Soliva v. Shand, Morahan & Co., Inc., 345 S.E.2d 33 (W. Va. 1986) (internal citation omitted)). On the other hand, a policy provision is ambiguous if it is "'reasonably susceptible of two different meanings or . . . of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning.'" Id. at 768 (quoting Syl. Pt. 5,

STATE AUTO v. WOHLFEIL                                    5:11CV100

MEMORANDUM OPINION AND ORDER

Hamric v. Doe, 499 S.E.2d 619 (W. Va. 1997) (emphasis in original)). If a policy's provisions are ambiguous, they will be construed in favor of the insured. See Horace Mann Ins. Co. v. Leeber, 376 S.E.2d 581, 584 (W. Va. 1988). "This principle applies to policy language on the insurer's duty to defend the insured, as well as to policy language on the insurer's duty to pay." Id.

Generally, an insurer's duty to defend is broader than its duty to indemnify. Id.  An insurer must defend its insured if a claim against the insured "could, without amendment, impose liability for risks the policy covers." Bowyer v. HI-LAD, Inc., 609 S.E.2d 895, 912 (W. Va. 2004); see also Syl. Pt. 3, Bruceton Bank v. United States Fid. & Guar. Ins. Co., 486 S.E.2d 19, 20 (W. Va. 1997). For the duty to defend to arise, the underlying complaint need not "specifically and unequivocally make out a claim within the coverage.'" Pitrolo, 342 S.E.2d at 160; see also Leeber, 376 S.E.2d at 584. Rather, the underlying claims must be "reasonably susceptible of an interpretation" that they are covered by the insurance policy. Syl. Pt. 3, Bruceton Bank, 486 S.E.2d at 20; see also Mylan Labs. Inc. v. Am. Motorists Ins. Co., 700 S.E.2d 518, 531 n.21 (W. Va. 2010). If an insurance policy covers some of the claims against an insured, the insurer must defend the covered and uncovered claims alike. Leeber, 376 S.E.2d at 584. Finally, a court

6

STATE AUTO v. WOHLFEIL                                    5:11CV100

MEMORANDUM OPINION AND ORDER

must liberally construe any questions regarding the insurer's duty
to defend in favor of the insured. Pitrolo, 342 S.E.2d at 160.

**III.**

In pertinent part, the CGL Policy consists of a Commercial
General Liability Coverage Form, a West Virginia Limited Employer's
Liability Endorsement ("LEL Endorsement"), and an Employment-
Related Practices Exclusion ("ERP Exclusion"). Section I of the CGL
Coverage Form provides coverage for Bodily Injury and Property
Damage Liability ("Coverage A") and Personal and Advertising Injury
Liability ("Coverage B").

State Auto argues that Coverages A and B and the LEL
Endorsement do not provide coverage for Brown's claims against the
defendants in the underlying lawsuit; even if they did, the claims
would fall under the exclusions for each type of coverage. The
defendants do not contest the validity of the CGL Policy, but
contend that there is a genuine issue of material fact as to
whether Wohlfeil's actions were intentional or negligent.
Therefore, they argue, the Court cannot determine as a matter of
law whether State Auto has a duty to defend or indemnify them under
the CGL Policy.

STATE AUTO v. WOHLFEIL                                        5:11CV100

<u>MEMORANDUM OPINION AND ORDER</u>

### A.

First, contrary to the defendants' assertion, there are no genuine issues of material fact that preclude summary judgment. In the absence of evidentiary support, the defendants' bald allegation of a disputed fact does not create a genuine issue for trial. The United States Court of Appeals for the Fourth Circuit has held that Fed. R. Civ. P. 56(e) permits a grant of summary judgment where the adverse party fails to carry its burden:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

<u>White v. Boyle</u>, 538 F.2d 1077, 1079 (4th Cir. 1976).

Notwithstanding the parties' stipulation at the outset of this case that there were no issues of material fact and that this case could be resolved on summary judgment, the defendants now argue that "the pleadings demonstrate that a genuine issue of fact exists as to whether the allegations in the Complaint constitute intentional or negligent acts." (Dkt. No. 14 at 2). However, the defendants' "bare contention that the issue is disputable will not suffice." <u>White</u>, 538 F.2d at 1079; <u>see</u> Report of Parties' Planning Meeting (Dkt. No. 9) ("The parties are in agreement that no

8

STATE AUTO v. WOHLFEIL                                    5:11CV100

MEMORANDUM OPINION AND ORDER

discovery is required, and that a briefing schedule on a Motion for
Summary Judgment relating to the Complaint for Declaratory Judgment
would be appropriate at this time.").

The underlying complaint alleges two intentional acts by the
defendants. Brown claims Wohlfeil "repeatedly slammed her to the
ground and dragged her across the interior premises of the
restaurant, throwing her out of the front door," that he "assaulted
her," and that he "sexually discriminated" against her when he
terminated her employment. (Dkt. No. 1-2 at ¶¶ 8, 10). Count I
alleges physical assault, Count II alleges wrongful termination,
and Counts III and IV, which claim intentional or reckless
infliction of emotional distress and punitive damages, stem from
the intentional acts described in Counts I and II.

Even when viewed in the light most favorable to Brown, her
claims can only be read as allegations of intentional conduct.
Although Count IV for punitive damages states that these acts "were
done with gross negligence and/or reckless negligence and/or wanton
negligence," (dkt. no. 1-2 at ¶ 15), the use of the term negligence
is not dispositive where it is a "transparent attempt to trigger
insurance coverage by characterizing allegations of [intentional]
tortious conduct under the guise of 'negligent' activity." Leeber,
376 S.E.2d at 587. Here, there is no genuine issue of material fact

STATE AUTO v. WOHLFEIL                                      5:11CV100

MEMORANDUM OPINION AND ORDER

as to the intentional nature of the defendants' conduct alleged in the underlying complaint. The Court therefore turns to the question whether the CGL Policy requires State Auto to defend or indemnify its insured.[1]

**B.**

State Auto argues that coverage is unavailable under Coverage A of the CGL Policy because the underlying complaint fails to include allegations of "bodily injury" or "property damage" and does not allege an "occurrence." The relevant terms of Coverage A include:

    1.   Insuring Agreement

    a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    . . .

    b.   This insurance applies to "bodily injury" and "property damage" only if:

---

[1] Notably, even if the Court were to find that a genuine issue of material fact exists as to whether the defendants' alleged actions were negligent, such a finding would not preclude summary judgment in this case. As discussed below, the issue of negligence is not determinative of all of the applicable exclusions in the CGL Policy.

STATE AUTO v. WOHLFEIL                                    5:11CV100

<u>MEMORANDUM OPINION AND ORDER</u>

> (1)  The "bodily injury" or "property damage" is
>      caused by an "occurrence" that takes place in
>      the "coverage territory"; [and]
> (2)  The "bodily injury" or "property damage"
>      occurs during the policy period;

(Dkt. No. 1-1 at 2).

The CGL Policy defines "bodily injury" as "sickness or disease sustained by a person, including death resulting from any of these at any time." (<u>Id.</u> at 12). "'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (<u>Id.</u> at 13). "Property damage" is defined as:

> a.  Physical injury to tangible property, including all
> resulting loss of use of that property. All such loss of
> use shall be deemed to occur at the time of the physical
> injury that caused it; or
>
> b.  Loss of use of tangible property that is not
> physically injured. All such loss of use shall be deemed
> to occur at the time of the "occurrence" that caused it.

(<u>Id.</u> at 20).

In the circumstances of this case, State Auto's duty to defend or indemnify would arise only if Brown's allegations in the underlying complaint "are reasonably susceptible of an interpretation that the claim may be covered by the terms" of the CGL Policy. <u>See</u> Syl. Pt. 3, <u>Bruceton Bank</u>, 486 S.E.2d at 20. Brown's allegations, however, do not trigger State Auto's duty to defend or indemnify. Coverage A unambiguously applies only to

11

STATE AUTO v. WOHLFEIL                                    5:11CV100

MEMORANDUM OPINION AND ORDER

"bodily injury" and "property damage" caused by an "occurrence." As discussed above, none of Brown's claims, which stem from an alleged physical assault and wrongful termination, resulted from an "occurrence" because they did not involve an "accident." See Erie v. Edmond, 785 F. Supp. 2d 561, 566 (N.D.W. Va. 2011) (citing Smith v. Animal Urgent Care, Inc., 542 S.E.2d 827, 831 (W. Va. 2000)).

Furthermore, even if the underlying claims could be said to come within Coverage A, coverage under the CGL Policy would be precluded by several exclusions, including:

a.  Expected Or Intended Injury

    "Bodily injury" or "property damage" expected or
    intended from the stand point of the insured. This
    exclusion does not apply to "bodily injury"
    resulting from the use of reasonable force to
    protect persons or property.

. . .

e.  Employer's Liability

    "Bodily Injury" to:

    (1)  An "employee" of the insured arising out of
         and in the course of:

         (a)  Employment by the insured
         (b)  Performing duties related to the conduct
              of the insured's business; or

. . .

    This exclusion applies:

12

STATE AUTO v. WOHLFEIL                                          5:11CV100

MEMORANDUM OPINION AND ORDER

      (1)  Whether the insured may be liable as an employer or in any other capacity; and

      (2)  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

      This exclusion does not apply to liability assumed by the insured under an "insured contract".

(Dkt. No. 1-1 at 2, 3).

In addition, the ERP Exclusion applies and, in pertinent part, states:

This insurance does not apply to:

"Bodily injury" to:

      (1)  A person arising out of any:

          (a)  Refusal to employ that person;

          (b)  Termination of that person's employment; or

          (c)  Employment-related practices, policies, act or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person;

      . . .

This exclusion applies:

      (1)  Whether the insured may be liable as an employer or in any other capacity; and

      (2)  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Id. at 22).

13

STATE AUTO v. WOHLFEIL                                    5:11CV100

<u>MEMORANDUM OPINION AND ORDER</u>

Brown's claims in the underlying complaint, that Wohlfeil "repeatedly slammed her to the ground and dragged her across the interior premises of the restaurant, throwing her out of the front door," certainly trigger exclusion a. as acts "expected or intended" to result in bodily injury. <u>See</u> (Dkt. No. 1-2 at ¶ 10). Moreover, because Brown alleges her injuries occurred in the course of her employment, her claims are also excluded under exclusion e. Finally, Brown's wrongful termination claim is expressly excluded by the ERP Exclusion. Thus, because the claims in the underlying lawsuit are not "reasonably susceptible of an interpretation" that they fall within the plain meaning of Coverage A, State Auto as no duty to defend or indemnify the defendants under this provision of the CGL Policy. <u>See</u> Syl. Pt. 3, <u>Bruceton Bank</u>, 486 S.E.2d at 20.

**C.**

State Auto also argues that coverage for Brown's claims is not available under Coverage B of the CGL Policy. Unlike Coverage A, Coverage B does not require an injury resulting from an "occurrence," but rather applies to "personal and advertising injury" arising from several specified offenses. In pertinent part, Coverage B provides:

> b.   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

14

STATE AUTO v. WOHLFEIL                                        5:11CV100

## MEMORANDUM OPINION AND ORDER

(Dkt. No. 1-1 at 6).

The CGL Policy defines "personal and advertising injury" as

follows:

> 14.   "Personal and advertising injury" means injury,
> including consequential "bodily injury," arising
> out of one or more of the following offenses:
>
>    a.   False arrest, detention or imprisonment;
>
>    b.   Malicious prosecution;
>
>    c.   The wrongful eviction from, wrongful entry
>         into, or invasion of the right of private
>         occupancy of a room, dwelling, or premises
>         that a person occupies, committed by or on
>         behalf of its owner, landlord or lessor;
>
>    d.   Oral or written publication, in any manner, of
>         material that slanders or libels a person or
>         organization or disparages a person's or
>         organization's goods, products or services;
>
>    e.   Oral or written publication, in any manner, of
>         material that violates a person's right of
>         privacy;
>
>    f.   The use of another's advertising idea in your
>         "advertisement;" or
>
>    g.   Infringing upon another's copyright, trade
>         dress or slogan in your "advertisement".

(Id. at 13).

Brown's claims against the defendants for assault, wrongful

termination, and intentional or reckless infliction of emotional

distress are not among the offenses specified under Coverage B and,

thus, are not covered under this provision of the CGL Policy.

15

STATE AUTO v. WOHLFEIL                                    5:11CV100

MEMORANDUM OPINION AND ORDER

Moreover, even if they were, coverage would be excluded pursuant to the ERP exclusion and one additional exclusion for:

> b.   Knowing Violation Of Rights Of Another
>
> > "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

(Id. at 6).

Brown's claim that Wohlfeil assaulted her clearly describes conduct undertaken "with the knowledge that the act would violate the rights of another," and, thus, are excluded from coverage under exclusion b. Additionally, the ERP Exclusion discussed in relation to Coverage A applies with equal force to exclude coverage under Coverage B for claims arising from Brown's wrongful termination. Therefore, Brown's claims in the underlying lawsuit are not within the plain meaning of Coverage B, and State Auto does not owe a duty to defend or indemnify the defendants under this provision of the CGL Policy. See Syl. Pt. 3, Bruceton Bank, 486 S.E.2d at 20.

### D.

Finally, State Auto argues that the LEL Endorsement does not provide coverage for the allegations in the underlying complaint. The LEL Endorsement describes additional coverage to that offered under Coverages A and B. In pertinent part, it provides:

16

STATE AUTO v. WOHLFEIL                                    5:11CV100

MEMORANDUM OPINION AND ORDER

The following is added to Section I - Coverages:

A.    Coverage D. Employers Liability Coverage

. . .

        b.    This insurance applies to "bodily injury by
              accident" or "bodily injury by disease" only
              if:

              (1) The "bodily injury by accident" or
                  "bodily injury by disease" arises out of
                  and in the course of the injured
                  "employee's" employment by you; . . .

(Dkt. No. 1-1 at 23).

        The LEL Endorsement defines "bodily injury by accident" as
"bodily injury, sickness or disease sustained by a person,
including death resulting from an accident. A disease is not
'bodily injury by accident' unless it results directly from an
accident." (Id. at 26). "'Bodily injury by disease' means a disease
sustained by a person, including death. 'Bodily injury by disease'
does not include a disease that results directly from an accident."
Id.

        Brown's claims of assault, wrongful termination, and
intentional or reckless infliction of emotional distress do not
allege instances of "bodily injury by accident" or "bodily injury
by disease" because none of these claims resulted from an accident.
See Edmond, 785 F. Supp. 2d at 566; (Dkt. No. 1-2 at ¶ 10).
Furthermore, even if the underlying claims did fall within the LEL

17

STATE AUTO v. WOHLFEIL                                    5:11CV100

MEMORANDUM OPINION AND ORDER

Endorsement, coverage would be precluded under several exclusions, including:

> b.   Multiple, exemplary or punitive damages;
>
> . . .
>
> e.   "Bodily injury by accident" or "bodily injury by disease" caused by your intentional malicious or deliberate act, whether or not the act was intended to cause injury to the employee injured, or whether or not you had actual knowledge that an injury was certain to occur, or any "bodily injury by accident" or "bodily injury by disease" for which you are liable arising out of West Virginia Annotated Code 23-4-2; [and]
>
> f.   Coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination against or termination of any "employee" arising out of other employment or personnel practices, policies, acts, or omissions.

(Dkt. No. 1-1 at 24).

All of Brown's claims allege intentional conduct and thus fall within exclusion e., and her claims for wrongful termination and punitive damages are specifically excluded under exclusions b. and f. Accordingly, State Auto owes no duty to defend or indemnify these claims under the LEL Endorsement to the CGL Policy. See Syl. Pt. 3, Bruceton Bank, 486 S.E.2d at 20.

18

**STATE AUTO v. WOHLFEIL**                                    **5:11CV100**

<u>MEMORANDUM OPINION AND ORDER</u>

**V.**

In conclusion, the Court **GRANTS** State Auto's Motion for Summary Judgment (dkt. no. 11), **DECLARES** that State Auto owes no duty to defend or indemnify its insureds in the case of <u>Fawna Brown v. David M. Wohlfeil and Metropolitan Citi Grill, LLC</u>, Civil Action No. 09-C-404, and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to enter a separate judgment order in favor of the plaintiff, State Auto Property and Casualty Co., and to transmit copies of both Orders to counsel of record.

DATED: August 27, 2012

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE

19